**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 25-cr-00374-AHA** |
| | : | |
| **SERGIO CASTILLO-LOPEZ** | : | |
| **aka Sergio Chilel,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Memorandum in Aid of Sentencing. On January 21, 2026, Sergio Castillo-Lopez ("Defendant") entered a plea of guilty to an Information charging him with Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. Section 841(a)(1), (b)(1)(C). For the reasons herein, and based on the 18 U.S.C. Section 3553(a) factors, including that Defendant meets the criteria under 18 U.S.C. Section 3553(f)(1)-(5) and qualifies for the Zero-Point Offender Adjustment pursuant to the United State Sentencing Guidelines (U.S.S.G) Section 4C1.1, the United States recommends that Defendant be sentenced to 27 months' imprisonment and three years of supervised release.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On October 9, 2025, law enforcement executed a search warrant on Defendant's residence located at 3022 Warder Street NW, Washington D.C. *See* Statement of Offense ("SOO") Dkt. No. 15, at Section IV. Defendant and a female companion were in the bedroom when officers entered the residence; they were detained and officers conducted a search. *Id*. In the same bedroom where Defendant was located, officers discovered 556 grams (including packaging) of powder cocaine,

1

some of which was packaged for distribution. *Id*. at paragraph 13. *Id*. Additionally, officers found numerous smaller zip-lock baggies containing gram quantities of cocaine packaged for sale. *Id*. The yet-to-be packaged cocaine weighed approximately 425 grams, including packaging. According to agents on this case, half a kilogram of cocaine in the District of Columbia typical sells retail for between $8,000 to $12,000

In addition to the cocaine, officers discovered and seized two digital scales, and $3,126 in U.S. currency. *Id*. The currency was broken down into small denominations, including 41 $1 dollar bills, 21 $5 dollar bills, 11 $10 dollar bills, 66 $20 dollar bills, 3 $50 dollar bills, and 14 $100 dollar bills. The large amount of cash in small denominations showed that Defendant was actively selling cocaine and collecting proceeds from smaller, repeated street-level drug sales.

The sheer amount of cocaine recovered from Defendant's bedroom was consistent with distribution rather than personal use. This is bolstered by the numerous small zip lock bags containing gram quantities of cocaine – an amount that is consistent with personal use – ready for distribution, the digital scales, and the large amount of United States currency in small denominations. Defendant was placed under arrest. Photographs of the seized cocaine are depicted below.





The next day, on October 10, 2025, Defendant was charged by Complaint with Possession with Intent to Distribute 500 grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(B)(ii). (Dkt. No. 1). On December 1, 2025, the government filed an Information charging Defendant with one count of 21 U.S.C. Section 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine. (Dkt. No. 12). Defendant was arraigned on the information on December 4, 2025, and initially entered a plea of not guilty. On January 21, 2026, the Defendant changed his plea to guilty, pursuant to the terms of the plea agreement between the parties. (Dkt. No. 14). The Court set the sentencing hearing for June 5, 2026.

## II.   DISCUSSION AND SENTENCING RECOMMENDATION

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a). *See United States v. Gall*, 128 S. Ct. 586, 596 (2007). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

The United States agrees with the Pre-Sentence Report (Dkt. No. 21) that under the U.S.S.G. Defendant's Final Offense Level is 17. First, Defendant meets the criteria under 18

3

U.S.C. Section 3553(f)(1)-(5) and qualifies for an adjustment under U.S.S.G. Sections 2D1.1(b)(18) and 5C1.2, *Limitation on Applicability of Statutory Minimum Sentences in Certain Cases*, also known as the "safety valve" provision. Here, the United States recommends a safety valve adjustment because Defendant has met the listed criteria, including his burden of truthfully disclosing information concerning the offense. The information Defendant provided included information about his introduction to drug trafficking; the frequency of his drug trafficking activity; and the payments received for his drug trafficking activity, along with other pertinent information. Moreover, the parties agree that Defendant qualifies for the Zero-Point Offender Adjustment pursuant to U.S.S.G. § 4C1.1. PSR at para. 69. Finally, the parties agree that Defendant's Criminal History Category is I, resulting in a guidelines range of 24 months to 30 months of imprisonment. *Id.* at 68. The United States recommends that the Court sentence Defendant to a term in the middle of the guidelines, that is, 27 months' incarceration. Under the totality of circumstances, the United States submits that such a sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

### A.    <u>Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense support a sentence of incarceration. Defendant engaged in serious narcotics trafficking conduct involving half of a kilogram of cocaine (including packaging), some of which was packaged in numerous smaller zip-lock bags ready for street-level distribution. Defendant's actions, as reflected by the amount of cocaine recovered, the numerous individually packaged bags of cocaine, the presence of two digital scales, and the cash recovered in small denominations, were not consistent with isolated and impulsive conduct, but instead reflected deliberate behavior undertaken to facilitate the redistribution of cocaine within the District of Columbia. Moreover, the quantity of cocaine recovered, and the presence of materials

used to package and distribute the cocaine demonstrate a level of sophistication and planning that increases the seriousness of the offense. The recovery of cash proceeds in the amount of $3,126 USD in small denominations, which Defendant agreed to forfeit, further reflects Defendant's willingness to profit from the distribution of dangerous controlled substances despite the well-known harm that narcotics trafficking inflicts on the community. To the extent that Defendant engaged in this conduct to supplement his income, financial pressure does not excuse or justify Defendant's intentional disregard of the law. Cocaine trafficking poses a significant danger to the members of the D.C. community where it fuels addiction, violence, and unsafe neighborhoods. A 27-month sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence.

**B.      History and Characteristics of Defendant**

Defendant's history and characteristics further support a sentence in the middle of the Sentencing Guidelines range. Defendant appears to have benefited from several positive influences and opportunities in his life, including a stable childhood (PSR, Dkt. No. 21 at para. 39.), completion of high school (*Id*. at para. 52.), and lawful employment as a musician performing on weekends for supplemental income (*Id*. at para. 39.). Defendant also has full physical ability, particularly as demonstrated by his gainful employment at the W Concrete Company. *Id*. at paras. 42, 46, and 57. Defendant entered the United States on a 30-day visa but remained in the country unlawfully for approximately eight years prior to committing the instant offense. *Id*. at para. 41. Further, Defendant has agreed not to contest his removal from the United States following completion of his sentence.

These facts demonstrate that Defendant is capable of lawful, productive conduct, but that he nevertheless chose to engage in significant narcotics trafficking activity for his own profit.

Taken together, Defendant's history and characteristics do not outweigh the need for a serious sentence within the advisory Guidelines range and warrant a significant sentence to deter this defendant from committing future criminal harms.

### C.    The Need for the Sentence to Be Imposed

Deterrence encompasses two goals: general deterrence, or the need to deter crime generally, and specific deterrence, or the need to protect the public from further crimes by this defendant. 18 U.S.C. § 3553(a)(2)(B-C); *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010). The need for general deterrence here is straightforward.  Here, the United States's recommended sentence is sufficient, but no greater than necessary to meet the goals of sentencing. In this case, the need to deter possession of almost half a kilogram of cocaine with the intent and instruments to distribute it favors a sentence within the Guidelines range. Individuals who choose to engage in narcotics trafficking for financial gain must understand that such conduct carries serious consequences, particularly where the offense involves significant quantities of controlled substances and evidence of ongoing distribution activity. A meaningful custodial sentence is therefore necessary to deter others from engaging in similar conduct and to promote respect for federal narcotics laws.

A significant sentence is also necessary to specifically deter Defendant from engaging in future criminal conduct. Although Defendant will likely be removed from the United States following completion of his sentence, deportation alone does not ensure that Defendant will cease engaging in narcotics trafficking activity, particularly where this offense was motivated by financial gain. Defendant was physically capable of lawful employment, and by his own account, earned money performing as a musician on the weekends, demonstrating that he had legitimate means available to support himself. Nevertheless, Defendant chose to engage in cocaine trafficking

for profit. Drug trafficking is not confined by national borders, and a meaningful custodial sentence is necessary to deter Defendant from continuing to participate in the distribution of controlled substances, whether in the United States or abroad. Without a significant term of incarceration, there is a risk that Defendant will view deportation as the principal consequence of his conduct rather than serious punishment warranted by his deliberate decision to profit from cocaine trafficking.

The United States credits Defendant's acceptance of responsibility in this case; however, under the totality of the circumstances, a middle of the Guidelines sentence, that is a 27-month sentence of incarceration, serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

**D.      The Sentencing Guidelines and related Sentencing Commission Policy Statements**

The advisory Sentencing Guidelines and the policy statements issued by the Sentencing Commission also support a sentence of incarceration in this case. In promulgating the Guidelines, the Sentencing Commission considered the seriousness of narcotics trafficking offenses, the need for deterrence, and the importance of avoiding unwarranted sentencing disparities among similarly situated defendants. Here, the applicable Guidelines range, 24 to 30 months' incarceration appropriately accounts for the nature of Defendant's conduct and provides a useful benchmark for imposing a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing set forth in 18 U.S.C. Section 3553(a). Nothing about Defendant's offense conduct or personal circumstances warrants a sentence below that contemplated by the Guidelines.

E.  **The Need to Avoid Unwarranted Sentence Disparities**

According to Judiciary Sentencing Information (JSIN), during the last five fiscal years, of the defendants sentenced under U.S.S.G §2D1.1, for powder cocaine, with a Final Offense Level of 17 and a Criminal History Category of I, the average sentence imposed was 16 months' imprisonment and the median sentence imposed was 18 months' imprisonment.  Thus, the JSIN data confirms that a custodial sentence is appropriate for similarly situated narcotics trafficking defendants nationwide. The government's recommended sentence of 27 months' imprisonment is slightly higher than the median and mean sentence imposed for defendants with the same guidelines range for powder cocaine reflecting the aggravating factors present in this case – that is, the amount of cocaine Defendant possessed, that he committed this offense while over staying his visa by eight years, and that Defendant had other, legal opportunities to support himself – and the unquestionable seriousness of Defendant's conduct.  In light of these factors, where a sentence consistent with the median or mean listed above would constitute a downward variance, the United States submits that a guidelines compliant sentence is appropriate.

## CONCLUSION

The United States respectfully requests that the Court impose a sentence of 27 months' imprisonment, the middle of the guidelines range, and three years of supervised release to follow.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:  */s/ Syeda Sarah Akhtar*
SYEDA SARAH AKHTAR
Assistant United States Attorney
Maryland Bar
601 D Street, NW
Washington, DC 20530

8